**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CORRIONNE LAWRENCE,** | ) | **CASE NO.: 1:19-cv-02411** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **JUDGE: JAMES S. GWIN** |
| | ) | |
| **CUYAHOGA COUNTY, OHIO, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

---

## ANSWER OF DEFENDANTS CUYAHOGA COUNTY, CHRISTOPHER LITTLE, BRANDON SMITH, BARRY HICKERSON, AND BEVERLY WITT
### (Jury Demand Endorsed Hereon)

---

Defendants Cuyahoga County, Christopher Little, Brandon Smith, Barry Hickerson, and Beverly Witt submit the following objections and responses to Plaintiff's Complaint:

## ANSWER
### (Nature of the Action)

1.      Defendants admit that this action purports to assert claims under various civil-rights statutes.  Defendants deny the remaining allegations in Paragraph 1 of the Complaint, which consists of self-serving and conclusory allegations to which no response is required.

2.      Defendants deny the allegations in Paragraph 2 of the Complaint, which consists of self-serving and conclusory allegations to which no response is required.

## (Parties)

3.     Defendants admit that Plaintiff Lawrence was, at various times, lawfully incarcerated in the Cuyahoga County Corrections Center. Defendants deny the remaining allegations in Paragraph 3 of Complaint for want of knowledge.

4.     Defendants admit that Cuyahoga County is a political subdivision of the State of Ohio and further admit that it operates the Cuyahoga County Corrections Center. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.     Defendants admit that Christopher Little is a corrections officer employed at the Cuyahoga County Corrections Center. Defendants further state that Plaintiff purposefully included the unredacted home address of a corrections officer in a public document without justifiable purpose and that the Cuyahoga County Court of Common Pleas appropriately redacted said address. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6.     Defendants admit that Brandon Smith was, at relevant times, a corrections officer employed at the Cuyahoga County Corrections Center. Defendants further state that Plaintiff purposefully included the unredacted home address of a corrections officer in a public document without justifiable purpose and that the Cuyahoga County Court of Common Pleas appropriately redacted said address. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.     Defendants admit that Barry Hickerson is a corrections officer employed at the Cuyahoga County Corrections Center. Defendants further state that Plaintiff purposefully included the unredacted home address of a corrections officer in a public document without justifiable purpose and that the Cuyahoga County Court of Common Pleas appropriately redacted said address. Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8.     Defendants admit that Beverly Witt is a corrections officer employed at the Cuyahoga County Corrections Center.  Defendants further state that Plaintiff purposefully included the unredacted home address of a corrections officer in a public document without justifiable purpose and that the Cuyahoga County Court of Common Pleas appropriately redacted said address. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9.     Defendants deny the allegations in Paragraph 9 of the Complaint for want of knowledge.

10.     Defendants deny the allegations in Paragraph 10 of the Complaint for want of knowledge.

**(Jurisdiction and Venue)**

11.     Defendants admit that this Court possesses subject-matter jurisdiction over this action, which purports to arise under the Constitution and laws of the United States.  Defendants further states that the remaining allegations in Paragraph 11 call for a legal conclusion to which no response is required and, therefore, is denied.

12.     Defendants state that the allegations contained in Paragraph 12 call for a legal conclusion to which no response is required.

**(Alleged Factual Background:**
**Lawrence is booked into the Cuyahoga County Corrections Center)**

13.     Defendants admit that Lawrence was booked into the county jail.  Defendants deny the remaining allegations in Paragraph 13 of the Complaint for want of knowledge.

14.     Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     Defendant Cuyahoga County admits that it maintains written documents for the use of restraint chairs.  Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint for want of knowledge.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint for want of knowledge.

**(Lawrence is assigned a pod)**

21.     Defendants deny the allegations in Paragraph 21 of the Complaint for want of knowledge.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants admit that Lawrence was assigned to a pod on the eighth floor of the jail on or about October 17, 2018.  Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint for want of knowledge.

28.     Defendants admit that Lawrence urinated in a container and readied it to throw at Corrections Officer Witt and Inmate Norris.  Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.　　Defendants deny the allegations in Paragraph 31 of the Complaint.

32.　　Defendants deny the allegations in Paragraph 32 of the Complaint.

33.　　Defendants deny the allegations in Paragraph 33 of the Complaint.

34.　　Defendants admit that Lawrence threw urine on Corrections Officer Witt and Inmate Norris.  Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35.　　Defendants admit that Lawrence threw urine on Corrections Officer Witt and Inmate Norris.  Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36.　　Defendants admit that SRT timely arrived and intervened to stop the fight between Lawrence and Norris.  Defendants deny the remaining substantive allegations, if any, in Paragraph 36 of the Complaint.

37.　　Defendants admit that Corrections Officer Witt was not disciplined as a result of the incident alleged in the Complaint, which is inaccurately depicted in Plaintiff's Complaint. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

### (The alleged incident in the elevator)

38.　　Defendants deny the allegations in Paragraph 38 of the Complaint for want of knowledge.

39.　　Defendants admit that Lawrence threw urine at Corrections Officer Witt and Inmate Norris.  Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40.　　Defendants deny the allegations in Paragraph 40 of the Complaint for want of knowledge.

41.　　Defendants admit that Lawrence was escorted to an elevator that did not have a recording security camera. Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint, for want of knowledge.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants admit Lawrence bit inmate Norris and, therefore, Lawrence was returned to the medical unit for further examination and testing. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

### (Lawrence is treated in the medical unit)

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

**(Lawrence instigates a fight and throws urine at a Corrections Officer and another inmate)**

62.     Defendants admit that Lawrence was placed in segregated housing as a result of his attacks on Inmate Norris and Corrections Officer Witt but deny the remaining allegations in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Defendants admit that Lawrence was placed in disciplinary isolation as a result of his attacks on Inmate Norris and Corrections Officer Witt but deny the remaining allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

**(Lawrence's allegation that he was threatened with chemical agents)**

66.     Defendants deny the allegations in Paragraph 66 of the Complaint for want of knowledge.

67.     Paragraph 67 of the Complaint contains allegations directed toward a John Doe Defendant to which no response is required from these answering Defendants.  To the extent that such a response is required, Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants admit that Cuyahoga County maintains certain policies concerning the use of chemical agents and that these policies speak for themselves.  Defendants deny the remaining allegations in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint for want of knowledge.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint for want of knowledge.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint for want of knowledge.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint for want of knowledge concerning Lawrence's subjective beliefs.  Defendants deny the substantive allegations, if any, in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint for want of knowledge concerning Lawrence's subjective beliefs.  Defendants deny the substantive allegations, if any, in Paragraph 74 of the Complaint.

**(Lawrence's alleged report to the United States Marshals Service)**

75.     Defendants deny the allegations in Paragraph 75 in the Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint for want of knowledge.

77.      Defendants deny the allegations in Paragraph 77 of the Complaint for want of knowledge.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint for want of knowledge.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint for want of knowledge.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint for want of knowledge.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint for want of knowledge.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint for want of knowledge.

### (Lawrence's allegation of retaliation)

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint for want of knowledge.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint for want of knowledge concerning Lawrence's subjective beliefs.  Defendants deny the substantive allegations, if any, in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint for want of knowledge.

94.     Defendants admit that an email purporting to be from Theo Anderson to former Sherriff Pinkney is attached to the Complaint as Exhibit 1, which speaks for itself.  Defendants deny the remaining substantive allegations and characterizations, if any, in Paragraph 94 of the Complaint.

95. Defendants admit that an email purporting to be from Theo Anderson to former Sherriff Pinkney is attached to the Complaint as Exhibit 1, which speaks for itself. Defendants deny the remaining substantive allegations and characterizations, if any, in Paragraph 95 of the Complaint.

96. Defendants admit that an email purporting to be from Theo Anderson to former Sherriff Pinkney is attached to the Complaint as Exhibit 1, which speaks for itself. Defendants deny the remaining substantive allegations and characterizations, if any, in Paragraph 96 of the Complaint.

97. Defendants admit that Plaintiff and his counsel have initiated certain public records requests and related legal action against Cuyahoga County and others. Defendants deny the remaining substantive allegations, if any in Paragraph 97 of the Complaint. Defendants specifically deny that they have violated the Ohio Public Records Act in any respect.

98. Defendants admit that an email purporting to be from Theo Anderson to former Sherriff Pinkney is attached to the Complaint as Exhibit 1, which speaks for itself. Defendants deny the remaining substantive allegations and characterizations, if any, in Paragraph 98 of the Complaint for want of knowledge.

99. Defendants admit the Lawrence was transferred from the Cuyahoga County Corrections Center but deny the remaining allegations in Paragraph 99 of the Complaint.

100. Defendants admit that Lawrence was transferred to the Geauga County Jail but deny the remaining allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint for want of knowledge.

**(Other incidents)**

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

**(Joshua Castleberry)**

103.    Defendants admit that Joshua Castleberry was incarcerated in the jail on or about February 5, 2018 and further admit that an incident occurred between Castleberry and Corrections Officers Wilson and Jozwiak. Defendants deny the remaining allegations in Paragraph 103 of the Complaint for want of knowledge.

104.    Defendants admit that Mills was, at various times, the administrator of jail and that he has since resigned and is under indictment.  Defendants deny the remaining allegations in Paragraph 104 of the Complaint for want of knowledge.

105.    Defendants admit that Castleberry was transported to the hospital. Defendants deny the remaining allegations in Paragraph 105 of the Complaint for want of knowledge.

106.    Defendants deny the allegations in Paragraph 106 of the Complaint for want of knowledge.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint for want of knowledge.

108.    Defendants admit that Officers Wilson and Jozwiak were indicted and note that Jozwiak was acquitted of all charges and Wilson was acquitted of some charges, while the jury was unable to reach a verdict with respect to the remaining charges against Wilson. Defendants deny the remaining allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109 of the Complaint for want of knowledge.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

**(Chantelle Glass)**

111.    Defendants admit that Chantelle Glass was booked into the jail in July 2018. Defendants deny the remaining allegations in Paragraph 111 for want of knowledge.

112.    Defendants deny the allegations in Paragraph 112 of the Complaint for want of knowledge.

113.    Defendants deny the allegations in Paragraph 113 of the Complaint for want of knowledge.

114.    Defendants state that any video footage speaks for itself. Defendants deny the remaining allegations in Paragraph 114 of the Complaint for want of knowledge.

115.    Defendants state that any video footage speaks for itself. Defendants deny the remaining allegations in Paragraph 115 of the Complaint for want of knowledge.

116.    Defendants deny the allegations in Paragraph 116 of the Complaint for want of knowledge.

117.    Defendants deny the allegations in Paragraph 117 of the Complaint for want of knowledge.

118.    Defendants deny the allegations in Paragraph 118 of the Complaint for want of knowledge.

119.    Defendants deny the allegations in Paragraph 119 of the Complaint for want of knowledge.

120.    Defendants deny the allegations in Paragraph 120 of the Complaint for want of knowledge.

121.     Defendants deny the allegations in Paragraph 121 of the Complaint for want of knowledge.

122.     Defendants deny the allegations in Paragraph 122 of the Complaint for want of knowledge.

123.     Defendants deny the allegations in Paragraph 123 of the Complaint for want of knowledge.

124.     Defendants deny the allegations in Paragraph 124 of the Complaint for want of knowledge.

125.     Defendants admit that Ms. Glass was released at some point from the County Jail but deny the remaining allegations in Paragraph 125 of the Complaint for want of knowledge.

126.     Defendants deny the allegations in Paragraph 126 of the Complaint.

### **(Blanche Hill)**

127.     Defendants admit that Blanche Hill was in the County but deny the remaining allegations in Paragraph 127 of the Complaint for want of knowledge.

128.     Defendants deny the allegations in Paragraph 128 of the Complaint.

129.     This allegation is vague and, therefore, the allegations in Paragraph 129 of the Complaint are denied for want of knowledge.

130.     Defendants deny the allegations in Paragraph 130 of the Complaint.

### **(Tyrone Hipps, Jr.)**

131.     Defendants admit that Hipps was booked into the jail in June 2018 but deny the remaining allegations in Paragraph 131 of the Complaint for want of knowledge.

132.     Defendants deny the allegations in Paragraph 132 of the Complaint for want of knowledge as it calls for speculation.

133.    Defendants deny the allegations in Paragraph 133 of the Complaint for want of knowledge.

134.    Defendants deny the allegations in Paragraph 134 of the Complaint for want of knowledge.

135.    Defendants deny the allegations in Paragraph 135 of the Complaint for want of knowledge.

136.    Defendants admit that another officer assisted with the incident involving inmate Hipps but deny the remaining allegations in Paragraph 136 of the Complaint for want of knowledge.

137.    Defendants deny the allegations in Paragraph 137 of the Complaint for want of knowledge.

138.    Defendants deny the allegations in Paragraph 138 of the Complaint for want of knowledge.

139.    Defendants deny the allegations in Paragraph 139 of the Complaint for want of knowledge.

140.    The allegations in Paragraph 140 are vague and, therefore, Defendants deny the allegations for want of knowledge.

141.    Defendants deny the allegations in Paragraph 141 of the Complaint.

**(Glenn Mayer, Jr.)**

142.    Defendants admit that Mayer was in the County Jail in 2018 but deny the remaining allegations in Paragraph 142 of the Complaint for want of knowledge.

143.    Defendants deny the allegations in Paragraph 143 of the Complaint.

144.    Defendants deny the allegations in Paragraph 144 of the Complaint.

145.     Defendants deny the allegations in Paragraph 145 of the Complaint for want of knowledge.

146.     Defendants deny the allegations in Paragraph 146 of the Complaint.

147.     The allegations in Paragraph 147 are vague and, therefore, Defendants deny the allegations in Paragraph 147 of the Complaint for want of knowledge.

148.     Defendants deny the allegations in Paragraph 148 of the Complaint.

**(Joseph Sawyer)**

149.     Defendants deny the allegations in Paragraph 149 of the Complaint.

150.     Defendants deny the allegations in Paragraph 150 of the Complaint.

151.     The allegations in Paragraph 151 are vague and, therefore, Defendants deny the allegations in Paragraph 151 of the Complaint for want of knowledge.

152.     Defendants deny the allegations in Paragraph 152 of the Complaint.

**(Timothy Bennett)**

153.     Defendants deny the allegations in Paragraph 153 of the Complaint.

154.     Defendants deny the allegations in Paragraph 154 of the Complaint for want of knowledge.

155.     Defendants deny the allegations in Paragraph 155 of the Complaint.

**(Antoine Blackshear)**

156.     Defendants deny the allegations in Paragraph 156 of the Complaint.

157.     Defendants deny the allegations in Paragraph 157 of the Complaint.

158.     The allegations in Paragraph 158 are vague and, therefore, Defendants deny the allegations in Paragraph 158 of the Complaint.

159.     Defendants deny the allegations in Paragraph 159 of the Complaint.

**(Margaret Jackintell)**

160.    Defendants admit that Jackintell was in the jail in 2018 but deny the remaining allegations in Paragraph 160 for want of knowledge.

161.    Defendants deny the allegations in Paragraph 161 of the Complaint for want of knowledge.

162.    Defendants deny the allegations in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations in Paragraph 164 of the Complaint.

165.    The allegations in Paragraph 165 are vague, therefore, Defendants deny the allegations in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations in Paragraph 166 of the Complaint.

**(Terrence Debose)**

167.    Defendants admit that Debose was placed in a restraint chair but deny the remaining allegations in Paragraph 167 of the Complaint for want of knowledge.

168.    Defendants admit that an officer deactivated his body camera, that Debose was punched, and that another officer entered the room. Defendants deny the remaining allegations contained in Paragraph 168 for want of knowledge.

169.    Defendants deny the allegations in Paragraph 169 of the Complaint for want of knowledge.

170.    Defendants admit that Evans and Dugan are presently under indictment but deny the remaining allegations in Paragraph 170 of the Complaint.

171.     Defendants deny the allegations in Paragraph 171 of the Complaint.

172.     Defendants deny the allegations in Paragraph 172 of the Complaint for want of knowledge.

### Response to Claim 1:
### Fourteenth Amendment Under 42 U.S.C. § 1983 for a custom, policy pattern or practice of tolerating the use of excessive force
### (against Cuyahoga County)

173.     Defendants repeat and incorporate herein all previous responses to paragraphs 1-172 of the Complaint.

174.     Defendants deny the allegations in Paragraph 174 of the Complaint.

175.     Defendants deny the allegations in Paragraph 175 of the Complaint.

176.     Defendants deny the allegations in Paragraph 176 of the Complaint.

177.     Defendants deny the allegations in Paragraph 177 of the Complaint.

178.     Defendants deny the allegations in Paragraph 178 of the Complaint.

179.     Defendants deny for want of knowledge Plaintiff's characterization of what was "apparent to federal investigators." Defendants deny the substantive allegations, if any, in Paragraph 179 of the Complaint.

180.     Defendants admit that Plaintiff purports to selectively quote from the United States Marshal's Service's Quality Assurance Review ("USMS Report"). The entire USMS Report speaks for itself. Defendants deny the substantive allegations, if any, in Paragraph 180 of the Complaint.

181.     Defendants deny the allegations in Paragraph 181 of the Complaint.

182.     Defendants deny the allegations in Paragraph 182 of the Complaint.

**Response to Claim 2:**
**Fourteenth Amendment Under 42 U.S.C. § 1983 for deliberate inference/**
**failure to train and supervise corrections officers**
**(against Cuyahoga County)**

183.    Defendants repeat and incorporate herein all responses to Paragraphs 1-182.

184.    Defendants deny the allegations in Paragraph 184 of the Complaint.

185.    Defendants deny the allegations in Paragraph 185 of the Complaint.

186.    Defendants deny the allegations in Paragraph 186 of the Complaint.

187.    Defendants deny the allegations in Paragraph 187 of the Complaint.

188.    Defendants deny the allegations in Paragraph 188 of the Complaint.

189.    Defendants deny the allegations in Paragraph 189 of the Complaint.

190.    Defendants admit that Plaintiff purports to selectively quote from the United States Marshal's Service's Quality Assurance Review ("USMS Report"). The entire USMS Report speaks for itself. Defendants deny the substantive allegations, if any, in Paragraph 190 of the Complaint.

191.    Defendants deny the allegations in Paragraph 191 of the Complaint.

192.    Defendants deny the allegations in Paragraph 192 of the Complaint.

**Response to Claim 3:**
**Fourteenth Amendment (retaliation) Under 42 U.S.C. § 1983**
**(against Cuyahoga County)**

193.    Defendants repeat and incorporate herein all responses to Paragraphs 1-192.

194.    Defendants deny the allegations in Paragraph 194 of the Complaint.

195.    Defendants deny the allegations in Paragraph 195 of the Complaint.

196.    Defendants deny the allegations in Paragraph 196 of the Complaint.

197.    Defendants deny the allegations in Paragraph 197 of the Complaint.

198. Defendants deny the allegations in Paragraph 198 of the Complaint.

199. Defendants deny the allegations in Paragraph 199 of the Complaint.

**Response to Claim 4:**
**Fourteenth Amendment Substantive Due Process Under 42 U.S.C. § 1983**
**(against Cuyahoga County)**

200. Defendants repeat and incorporate herein all previous responses to Paragraph 1-199.

201. Defendants deny the allegations in Paragraph 201 of the Complaint.

202. Defendants deny the allegations in Paragraph 202 of the Complaint.

203. Defendants deny the allegations in Paragraph 203 of the Complaint.

204. Defendants deny the allegations in Paragraph 204 of the Complaint.

205. Defendants deny the allegations in Paragraph 205 of the Complaint.

206. To the extent that the allegations in Paragraph 206 of the Complaint relate to John Doe 2, no response is required by these Defendants. Defendants deny the remaining allegations in Paragraph 206 of the Complaint.

207. Defendants deny the allegations in Paragraph 207 of the Complaint.

208. Defendants deny the allegations in Paragraph 208 of the Complaint.

209. Defendants deny the allegations in Paragraph 209 of the Complaint.

210. Defendants deny the allegations in Paragraph 210 of the Complaint.

**Response to Claim 5:**
**Fourteenth Amendment Procedural Due Process Under 42 U.S.C. § 1983**
**(against Cuyahoga County)**

211. Defendants repeat and incorporate herein all responses to Paragraphs 1-210.

212. Defendants deny the allegations in Paragraph 212 of the Complaint.

213. Defendants deny the allegations in Paragraph 213 of the Complaint.

**Response to Claim 6:**
**Fourteenth Amendment Excessive Force Violations Under 42 U.S.C. § 1983**
**(against Doe 1, Little and Hickerson)**

214.     Defendants repeat and incorporate herein all responses to Paragraph 1-213.

215.     Paragraph 215 of the Complaint contains allegations against John Doe 1 and no response is required by these answering Defendants.  To the extent that a response is required, Defendants deny the allegations in Paragraph 215 of the Complaint.

216.     Paragraph 216 of the Complaint contains allegations against John Doe 1 and no response is required by these answering Defendants.  To the extent that a response is required, Defendants deny the allegations in Paragraph 216 of the Complaint.

217.     Defendants deny the allegations in Paragraph 217 of the Complaint.

218.     Defendants deny the allegations in Paragraph 218 of the Complaint.

219.     Defendants deny the allegations in Paragraph 219 of the Complaint.

220.     Defendants deny the allegations in Paragraph 220 of the Complaint.

221.     Defendants deny the allegations in Paragraph 221 of the Complaint.

222.     Defendants deny the allegations in Paragraph 222 of the Complaint.

223.     Defendants deny the allegations in Paragraph 223 of the Complaint.

224.     Defendants deny the allegations in Paragraph 224 of the Complaint.

225.     Defendants deny the allegations in Paragraph 225 of the Complaint.

**Response to Claim 7:**
**First and Fourteenth Amendment Violation (Retaliation) Under 42 U.S.C. § 1983**
**(against Little, Smith, Hickerson, and Doe 2)**

226.     Defendants repeat and incorporate herein all previous responses to 1-225.

227.     Defendants deny the allegations in Paragraph 227 of the Complaint.

228. Paragraph 228 of the Complaint contains allegations against John Doe 2 and no response is required by these answering Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 228 of the Complaint.

229. Defendants deny the allegations in Paragraph 229 of the Complaint.

230. Defendants deny the allegations in Paragraph 230 of the Complaint.

231. Paragraph 231 of the Complaint contains legal conclusions to which no response is required as to the "protected" status of Lawrence's conduct. Defendants deny the allegations in Paragraph 231 for want of knowledge as to Lawrence's alleged communications with "federal investigators." Defendants deny the remaining substantive allegations, if any, in Paragraph 231 of the Complaint.

232. Paragraph 232 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 232 of the Complaint.

233. Defendants deny the allegations in Paragraph 233 of the Complaint.

234. Defendants deny the allegations in Paragraph 234 of the Complaint.

### Response to Claim 8:
### Fourteenth Amendment Substantive Due Process Violation Under 42 U.S.C. § 1983
### (against Doe 1, Witt, Little, Smith, Doe 2, and Hickerson)

235. Defendants repeat and incorporate herein all responses to Paragraphs 1-234.

236. Defendants deny the allegations in Paragraph 236 of the Complaint.

237. Paragraph 237 of the Complaint contains allegations against John Doe 1 and no response is required by these answering Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 237 of the Complaint.

238. Defendants deny the allegations in Paragraph 238 of the Complaint.

239.     Defendants deny the allegations in Paragraph 239 of the Complaint.

240.     Defendants deny the allegations in Paragraph 240 of the Complaint.

241.     Paragraph 241 of the Complaint contains allegations against John Doe 2 and no response is required by these answering Defendants.  To the extent that a response is required, Defendants deny the allegations in Paragraph 241 of the Complaint.

242.     Defendants deny the allegations in Paragraph 242 of the Complaint.

243.     Defendants deny the allegations in Paragraph 243 of the Complaint.

244.     Defendants deny the allegations in Paragraph 244 of the Complaint.

**Response to Claim 9:**
**Intentional Tort- Assault**
**(against Doe 1, Little, Hickerson and Doe 2)**

245.     Defendants repeat and incorporate herein all responses to Paragraphs 1-244.

246.     Paragraph 246 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 246 of the Complaint.

247.     Defendants deny the allegations in Paragraph 247 of the Complaint.

248.     Defendants deny the allegations in Paragraph 248 of the Complaint.

**Response to Claim 10:**
**Intentional Tort- Battery**
**(against Doe 1, Little and Hickerson)**

249.     Defendants repeat and incorporate herein all responses to Paragraph 1-248.

250.     Paragraph 250 of the Complaint contains allegations against John Doe 1 and no response is required by these answering Defendants.  To the extent that a response is required, Defendants deny the allegations in Paragraph 250 of the Complaint.

251.     Defendants deny the allegations in Paragraph 251 of the Complaint.

252.     Defendants deny the allegations in Paragraph 252 of the Complaint.

253.     Defendants deny the allegations in Paragraph 253 of the Complaint.

254.     Defendants deny the allegations in Paragraph 254 of the Complaint.

255.     Defendants deny the allegations in Paragraph 255 of the Complaint.

**Response to Claim 11:**
**Intimidation under R.C. § 2921.03**
**(against Doe 1, Witt, Little, Smith, Hickerson and Doe 2)**

256.     Defendants repeat and incorporate herein all previous responses to Paragraph 1-255.

257.     Paragraph 257 of the Complaint contains allegations against John Doe 2 to which no response is required by these answering Defendants.  Defendants deny the remaining allegations in Paragraph 257 of the Complaint.

258.     Paragraph 258 of the Complaint contains allegations against John Doe 2 to which no response is required by these answering Defendants.  Defendants deny the remaining allegations in Paragraph 258 of the Complaint.

259.     Defendants deny the allegations in Paragraph 259 of the Complaint.

260.     Defendants deny the allegations in Paragraph 260 of the Complaint.

**Response to Claim 12:**
**Civil Liability for Criminal Acts Under R.C. § 2307.60(A)**
**(against Doe 1, Witt, Little, Smith, Hickerson and Doe 2)**

261.     Defendants repeat and incorporate herein all responses to Paragraphs 1-260.

262.     Paragraph 262 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 262 of the Complaint.

263.     Defendants deny the allegations in Paragraph 263 of the Complaint.

264. Defendants deny the allegations in Paragraph 264 of the Complaint.

265. Defendants deny every allegation that is not specifically admitted in this Answer.

266. To the extent any of the headings in the Complaint are construed to be factual allegations they are denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted with respect to one or more of Plaintiff's claims.

2. Plaintiff lacks standing, fails to assert justiciable claims, or has not suffered injuries or damages sufficient to support one or more of his Constitutional claims.

3. Plaintiff's Complaint must be dismissed for failure to join a necessary party pursuant to Fed.R.Civ.P. 19.

4. Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction over one or more of his claims.

5. Defendants are entitled to all immunities available under federal and state law, including, but not limited to, absolute and qualified immunity.

6. Defendants are entitled to all immunities available pursuant to R.C. § 2744.01, *et. seq.*

7. At all times, Defendants acted reasonably and in good faith.

8. Plaintiff's claims are barred, in whole or in part by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *et seq.,* including (but not limited to) claims seeking damages solely from alleged mental or emotional injuries.

9. Even if Plaintiff prevails in this action (and they should not), pursuant to the PLRA, Plaintiff is not entitled to recover attorneys' fees that are unwarranted, excessive, beyond the caps set forth in the PLRA or unrelated to the claims asserted or the relief granted (if any).

10. Plaintiff has failed to exhaust administrative remedies available under federal and Ohio law, including, but not limited to, the PLRA.

11. One or more of Defendants' conduct was privileged.

12. Plaintiff's claims are barred in whole or in part by R.C. § 2307.60(B).

13. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

14. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver and/or unclean hands.

15. Defendants have complied with the requirements of the United States and Ohio Constitutions.

16. Plaintiff's claim for punitive damages is barred as to one or more of the Defendants.

17. Plaintiff's claims are barred in whole or in part due to his own contributory negligence, recklessness, wanton and/or intentional conduct.

18. Plaintiff's claims are barred due to the independent acts/decisions of others over whom the Defendants had no control.

19. Plaintiff's alleged injuries were caused in whole or in part by intervening and/or superseding acts, events or omissions of entities other than Defendants.

20. Defendants are entitled to an award of attorneys' fees and costs pursuant to, among other provisions, 42 U.S.C. § 1988 if they prevail in this action.

21.    Defendants reserve the right to amend their Answer to assert additional affirmative defenses that may arise during this litigation.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants Cuyahoga County, Christopher Little, Brandon Smith, Barry Hickerson, and Beverly Witt pray that Plaintiff's Complaint be dismissed with prejudice, that the Court enter judgment in Defendants' favor, grant Defendants' costs and attorneys' fees and for whatever additional legal and equitable relief that the Court may find just and equitable under the circumstances.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting Attorney
of Cuyahoga County, Ohio

By: /s/ Brendan D. Healy
    Brendan D. Healy (0081225)
    (216) 443-6447
    bhealy@prosecutor.cuyahogacounty.us
    Michael J. Stewart (0082257)
    (216) 443-6673
    mjstewart@prosecutor.cuyahogacounty.us
    CUYAHOGA COUNTY PROSECUTOR'S OFFICE
    The Justice Center, Courts Tower
    1200 Ontario Street, 8th Floor
    Cleveland, OH  44113

    *Attorneys for Defendants Cuyahoga County,*
    *Christopher Little, Brandon Smith, Barry*
    *Hickerson, and Beverly Witt*

## JURY DEMAND

Defendants Cuyahoga County, Christopher Little, Brandon Smith, Barry Hickerson, and Beverly Witt demand a trial by jury under Rule 38 of the Federal Rules of Civil Procedure by the maximum number of jurors permitted by law for each claim and cause of action in the Complaint.

By: /s/ Brendan D. Healy
Brendan D. Healy (0081225)
Assistant Prosecuting Attorney